[961 NYS2d 818]

In the Matter of JOHN W. MURRAY, an Attorney, Respondent. GRIEVANCE COMMITTEE OF THE EIGHTH JUDICIAL DISTRICT, Petitioner.

Fourth Department, March 15, 2013

**APPEARANCES OF COUNSEL**

*Guy C. Giancarlo, Associate Counsel, Eighth Judicial District Grievance Committee*, Buffalo, for petitioner.

*Joel L. Daniels*, Buffalo, for respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent was admitted to the practice of law by this Court on February 7, 1986 and maintains an office in Tonawanda. The Grievance Committee filed a petition charging respondent with acts of misconduct, including misappropriating client funds and failing to make and keep required bookkeeping records. Although respondent filed an answer denying certain allegations of the petition, the parties subsequently executed a stipulation resolving all outstanding factual issues. Respondent thereafter appeared before this Court and submitted matters in mitigation.

Respondent admits that, in March 2009, he was retained by a client as replacement counsel in an ongoing matrimonial action. In June 2009, Supreme Court entered an order directing that funds belonging to respondent's client in the approximate amount of $70,000 be transferred to respondent from prior counsel and held in an interest-bearing escrow account pending resolution of the matter. Respondent admits that he thereafter deposited the funds into his attorney trust account, which was not an interest-bearing account. Respondent further admits that, from November 2009 through June 2011, the balance in his trust account fell below that necessary to comply with the order of Supreme Court.

We conclude that respondent has violated the following Rules of Professional Conduct:

rule 1.15 (a) (22 NYCRR 1200.0)—misappropriating funds belonging to another;

rule 1.15 (b) (1) (22 NYCRR 1200.0)—failing to maintain funds belonging to another in a special account separate from his business or personal accounts;

rule 1.15 (d) (1) (22 NYCRR 1200.0)—failing to maintain required records of bank accounts;

rule 1.15 (d) (2) (22 NYCRR 1200.0)—failing to make accurate, contemporaneous entries of all financial transactions in his records of receipts and disbursements, special accounts, ledger books, and in any other books of account kept by him in the regular course of his practice;

rule 8.4 (d) (22 NYCRR 1200.0)—engaging in conduct that is prejudicial to the administration of justice; and

rule 8.4 (h) (22 NYCRR 1200.0)—engaging in conduct that adversely reflects on his fitness as a lawyer.

We have considered, in determining an appropriate sanction, the matters submitted by respondent in mitigation, including his statement that the misconduct was the result of inadvertence and inattention, rather than venal intent. We have further considered his statement that he has implemented improved accounting procedures with respect to his trust account and that he has compensated his client for the loss that resulted from his failure to deposit the client's funds in an interest-bearing account. Accordingly, after consideration of all of the factors in this matter, we conclude that respondent should be censured.

SMITH, J.P., FAHEY, CARNI, SCONIERS and VALENTINO, JJ., concur.

Order of censure entered.